**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**HAROLD BENNETT**                                                                     **PLAINTIFF**

**VS.**                                       **NO.2:06CV00019-WRW**

**DENNIS JACKSON, ET AL.**                                              **DEFENDANTS**

**<u>ORDER</u>**

Pending is Plaintiff's Motion for Reconsideration (Doc. No. 21). Harold Bennett, an inmate presently confined at East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983.

According to Plaintiff's complaint, on May 19, 2005, he was going before the parole board for consideration of whether he would receive in-state parole. When he got to the hearing, he was shown a copy of a letter containing threats toward a lawyer and court clerk in Jonesboro, Arkansas. Plaintiff denied writing the letter, and it was investigated by Defendant Jackson. On May 23, 2005, Plaintiff was served with notice of a disciplinary violation, accusing him of writing the letter. On may 24, 2005, Plaintiff went before Defendant Mathis for his disciplinary hearing. Plaintiff requested a handwriting analysis test, but one was not done. Plaintiff was found guilty, and his appeals were denied.

Plaintiff alleges that he was denied due process during his disciplinary proceedings because a handwriting expert was not provided. Plaintiff's request for a handwriting analysis test has once been denied (Doc. No. 18). Despite that finding, Plaintiff now alleges that he has since been able to provide the Arkansas State Police with a handwriting sample and asks that I reconsider the previous ruling.

The Fourteenth Amendment to the United States Constitution provides, in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . .." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the ... protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'"[1] If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed. Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law.[2]

Plaintiff claims that as a result of his conviction on a disciplinary charge, he received a class reduction from level 1-C to level 3, which effectively made him illegible for parole, thereby extending his stay in the penitentiary. In *Wolff v. McDonnell*,[3] where the plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates have various procedural due process protections in a prison disciplinary proceeding. If changes in good time credits warrants procedural due process, then surely a reduction in class warrants the same due process considerations.

In *Wolff*, the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply."[4] Nonetheless, the Court held that a prisoner facing serious institutional sanctions such

---

[1]*Ingraham v. Wright*, 430 U.S. 651, 672 (1977).

[2]*Meachum v. Fano*, 427 U.S. 215, 223-26 (1976).

[3]*Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974).

[4]*Id*. at 556.

2

as a loss of good time credits is entitled to some procedural protection before penalties can be imposed.[5] It set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action.[6] An additional procedural requirement was set forth in *Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill*,[7] where the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal. The Third Circuit in *Griffin v. Spratt*,[8] later recognized that the above due process requirements must be satisfied in a prison disciplinary hearing.

In *Sandin v. Conner*,[9] the United States Supreme Court confirmed that the *Wolff* due process safeguards must be provided when, as in the instant case, the challenged disciplinary proceeding results in a loss of good time credits.[10] In conclusion, since Bennett was sanctioned to a reduction

---

[5]*Wolff*, 418 U.S. at 563-71.

[6]*Id*. at 563-73.

[7]*Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill*, 472 U.S. 445, 453-56 (1985).

[8]*Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir.1992).

[9]*Sandin v. Conner*, 515 U.S. 472, 480-84 (1995).

[10]*See also Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir.1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); *Von Kahl v. Brennan*, 855 F.Supp. 1413, 1417 (M.D.Pa. 1994).

in class, his allegations relating to those disciplinary proceedings will be reviewed under the *Wolff* and *Hill* standards.

Under *Wolff*, it is required that an inmate accused of a disciplinary infraction be provided with twenty four (24) hour advance written notice of the charges against him. The petition in question contains no allegation that the advance notice mandate of *Wolff* was violated. Furthermore, the undisputed record confirms that Plaintiff received proper advance written notice of the charges against him. There is also no contention that the fact finder failed to issue a written decision. Consequently, both of those *Wolff* procedural safeguards were satisfied.

There is also no claim that Petitioner requested and was denied assistance from an inmate representative. Consequently, this prong of *Wolff* was also satisfied. *Wolff* also includes a procedural safeguard which requires that an inmate facing institutional disciplinary charges be granted an opportunity to call witnesses and present documentary evidence. However, this privilege is not absolute. Specifically, a prisoner's request to present evidence may be denied if it would threaten institutional security or correctional goals.

A court has no duty to independently assess the witnesses' credibility or otherwise weigh the evidence, but it must determine that there was some evidence or basis in fact to support the finding of guilt.[11]   The court in *Hensley* added that a disciplinary tribunal's failure to explain why alibi testimony was not found credible did not constitute a due process violation.[12]   Accordingly, Defendants did not violate Plaintiff's due process rights by accepting Defendant Jackson's testimony that the threatening note was comparable to a sample of Plaintiff's handwriting. Defendants' failure

---

[11]*Hensley v. Wilson*, 850 F.2d 264 (6th Cir. 1988).

[12]*Id*. at 278.

to submit the document for analysis by a handwriting expert did not violate *Wolff*.

The disciplinary proceeding afforded Bennett satisfied the his federal due process rights. Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED this 9th day of March, 2006.

                                                              /s/ Wm. R.Wilson,Jr.
                                      UNITED STATES DISTRICT JUDGE